IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE AMERICAN ASSOCIATION OF NEUROLOGICAL SURGEONS, <br><br> Plaintiff, <br><br> v. <br><br> EDORIUM CORPORATION, <br><br> Defendant. | JURY TRIAL DEMANDED <br><br> No. |

**COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF**

Plaintiff, the American Association of Neurological Surgeons (the "AANS"), by and through its attorneys, Vedder Price P.C., for its Complaint against Defendant Edorium Corporation ("Defendant"), states as follows:

**INTRODUCTION**

The AANS is an organization dedicated to advancing the specialty of neurological surgery in order to promote the highest quality of patient care. The AANS's affiliate organization, the Journal of Neurosurgery Publishing Group, produces and publishes the preeminent scholarly journal in the field of neurosurgery entitled the *Journal of Neurosurgery*. The AANS is the owner of the federally registered trademark JOURNAL OF NEUROSURGERY. Defendant is unlawfully using the AANS's trademark in connection with a competing scholarly journal entitled *Edorium Journal of Neurosurgery*. The AANS seeks injunctive and other relief against Defendant due to its unlawful use of the AANS's trademark. Defendant's actions violate the Lanham Act, Title 15, Illinois common law, the Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510) and the Illinois Consumer Fraud and Deceptive

Business Practices Act (815 ILCS 505). If Defendant is allowed to continue to make unauthorized use of the AANS's marks, the AANS will suffer irreparable harm, for which monetary damages will not provide an adequate remedy.

## PARTIES, JURISDICTION AND VENUE

1. The AANS is a not-for-profit corporation organized under the laws of Illinois with its principal place of business in Rolling Meadows, Illinois.

2. The Journal of Neurosurgery Publishing Group (the "JNSPG") is a subsidiary of the AANS with its principal place of business in Charlottesville, Virginia.

3. Defendant, Edorium Corporation, is a corporation organized under the laws of Delaware according to the records of the Delaware Department of State. According to its website available at http://www.edoriumjournals.com/contact-edorium-journals-address-edorium.php, Defendant has a place of business at 1521 Concord Pike, Suite 301, Wilmington, DE 19803.

4. This action arises under the Lanham Act, Title 15, Illinois common law, the Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510) and the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505). The AANS seeks injunctive relief and actual damages, including Defendant's profits derived from its unauthorized trademark use and the AANS's costs and attorneys' fees under 15 U.S.C. § 1117 and 815 ILCS 510/3.

5. This court has jurisdiction over the matters raised herein pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1338(a) and (b), and 28 U.S.C. § 1367(a).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because, on information and belief, Defendant regularly conducts business in this district and offers products and services in this district.

## ALLEGATIONS COMMON TO ALL COUNTS

7. The AANS owns and claims common law rights under the trademark JOURNAL OF NEUROSURGERY for use in connection with a publication in the field of neurosurgery (the "JNS Mark").

8. The AANS owns U.S. Federal Trademark Registration No. 2,773,359 (the "Registered Mark"). This registration is for the mark JOURNAL OF NEUROSURGERY for use in connection with a periodical in the field of neurosurgery. A copy of the registration certificate of the Registered Mark is attached as Exhibit 1.

9. The Registered Mark has become incontestable pursuant to 15 U.S.C. § 1065.

10. The JNS Mark and the Registered Mark have been continuously used in commerce in connection with the publication of a periodical in the field of neurosurgery since at least 1959.

11. The AANS, together with the JNSPG, produces and publishes the preeminent scholarly journal in the field of neurosurgery entitled the *Journal of Neurosurgery*.

12. The AANS has published the *Journal of Neurosurgery* on a monthly basis since 1962.

13. Over 756 issues of the *Journal of Neurosurgery* have been published since 1944. There are currently 6,841 subscribers to the *Journal of Neurosurgery* in the United States and 2,575 international subscribers. Approximately 113,000 printed copies of the *Journal of Neurosurgery* are distributed by the AANS to individual and institutional subscribers on an annual basis.

14. The *Journal of Neurosurgery* is made available to subscribers in both printed and electronic formats, while members of the public can access the publication in electronic format through the Journal of Neurosurgery website (http://www.thejns.org).

15. Over one million visitors from 217 different countries and territories access the *Journal of Neurosurgery* electronically on an annual basis with more than four million page views of articles appearing in the publication.

16. The JNS Mark and the Registered Mark are well known and famous in the United States and throughout the world.

17. The *Journal of Neurosurgery* currently holds the highest Impact Factor of any journal that is primarily focused on neurosurgical topics. The Impact Factor of an academic journal is a measure reflecting the average number of citations to recent articles published in that journal. The Impact Factor is a benchmark for the relative importance of a journal within its field. Journals with higher Impact Factors within a field are deemed to be more important than those with lower Impact Factors. According to Thomson Reuters Journal Citation Reports, the 2014 Impact Factor for the *Journal of Neurosurgery* was 3.737 with over 29,000 scholarly citations to articles appearing in the publication.

18. The JNS Mark and the Registered Mark have secondary meaning in the marketplace and identify the source of the goods and services of the AANS in the minds of consumers in the marketplace.

19. Defendant is an academic publisher of journals according to its website available at http://www.edoriumjournals.com/index.php. One of the journals offered on its website is the *Edorium Journal of Neurosurgery*. A reproduction of one page of the website is attached as Exhibit 2 and is shown below.



20. Defendant's website states that the "Edorium Journal of Neurosurgery is an international, peer reviewed, open access journal, publishing high-quality original articles on all aspects of neurosurgery."

21. Defendant uses the expression JOURNAL OF NEUROSURGERY in connection with a publication in the field of neurosurgery (the "Infringing Mark").

22. Defendant uses the Infringing Mark in the United States and, upon information and belief, offers publications and related goods and services to medical practitioners and other individuals in the United States, including to individuals in this district.

23. Defendant's use of the Infringing Mark is likely to continue to cause confusion in the marketplace because the Infringing Mark incorporates the JNS Mark and the Registered Mark, and the goods and services provided by Defendant under the Infringing Mark are identical to and/or related to the goods and services provided by the AANS under the JNS Mark and the Registered Mark.

24. Defendant knowingly uses the Infringing Mark to exploit and misappropriate the goodwill and reputation of the AANS that is based on the AANS's long-standing uses of the JNS Mark and the Registered Mark.

25. Over the past 71 years, the AANS has made significant investments in the promotion and distribution of goods and services offered under the JNS Mark and the Registered Mark, including distribution of its periodical *Journal of Neurosurgery*. The AANS has exerted careful control over the content made available in the periodical and dedicated resources to policing the marketplace for unauthorized use of the expression JOURNAL OF NEUROSURGERY.

26. On June 9, 2015, counsel for the AANS advised Defendant via written letter that the AANS owns the JNS Mark and the Registered Mark, and that Defendant's usage of the Infringing Mark was causing confusion in the marketplace, thereby harming the AANS. The AANS requested written assurances from Defendant that it would cease using the Infringing Mark. A copy of the letter from counsel for the AANS to Defendant is attached as Exhibit 3.

27. Defendant has not provided any such written assurances to the AANS nor has Defendant, as of the date of this Complaint, ceased its unlawful use of the JNS Mark and the Registered Mark.

28. On June 25, 2015, counsel for the AANS again advised Defendant of its unauthorized use of the JNS Mark and Registered Mark, and renewed its request for assurances that Defendant would cease further use of the Infringing Mark. Counsel of the AANS also sent a copy of the letter to Defendant's registered agent. A copy of the letter is attached as Exhibit 4.

29. Defendant has failed to respond to either letter sent by counsel for the AANS regarding this matter.

CHICAGO/#2733498.4

## COUNT I

### Trademark Infringement Pursuant to
### § 32 of the Lanham Act (15 U.S.C. § 1114)

30. Plaintiff adopts, restates and realleges each and every allegation previously set forth in this Complaint as if fully set forth in this paragraph 30.

31. The AANS is the sole and exclusive owner of the JNS Mark and the Registered Mark.

32. Through the promotional, editorial and publishing activities of the AANS related to publications in the field of neurosurgery under the JNS Mark and the Registered Mark, such marks and the goods, services and goodwill associated therewith have become well known to the public and in the medical field, particularly in the field of neurosurgery.

33. Defendant's use and continued use of the Infringing Mark in providing substantially similar goods and services violates the AANS's well-established trademark rights under U.S. trademark laws and constitutes federal trademark infringement pursuant to Section 32 of the Lanham Act (15 U.S.C. § 1114).

34. Defendant's use and continued use of the Infringing Mark is without license from or permission by the AANS.

35. By the use and continued use of the Infringing Mark, Defendant has caused and will continue to cause confusion in the marketplace and mislead the medical community and the public into believing that Defendant's goods and/or services are associated with, or connected to, the AANS, thereby depriving the AANS of the goodwill attached to its goods and services.

36. Defendant's use and continued use of the Infringing Mark in the same field of medicine as the AANS is wrongful, intentional and in deliberate and knowing disregard of the

AANS's exclusive ownership rights. Despite Defendant's direct, actual knowledge of the JNS Mark and the Registered Mark, Defendant continues to use the Infringing Mark.

37. The trademark infringement complained of herein has caused and, unless restrained and enjoined, will cause irreparable harm, damage and injury to the AANS for which the AANS has no adequate remedy at law.

## COUNT II

### Federal Unfair Competition Pursuant to § 43(a) of the Lanham Act (15 U.S.C. § 1125(a))

38. Plaintiff adopts, restates and realleges each and every allegation previously set forth in this Complaint as if fully set forth in this paragraph 38.

39. The JNS Mark, as used by the AANS in connection with its publication in the field of neurosurgery and related services, is inherently distinctive and/or has acquired secondary meaning.

40. Defendant's use of the Infringing Mark in connection with products and services identical to those offered by the AANS under the JNS Mark and the Registered Mark constitutes infringement of the AANS's rights in such marks and is likely to create confusion, or to cause mistake, or to deceive as to the origin, sponsorship or approval of Defendant's products and services by the AANS, in violation of 15 U.S.C. § 1125.

41. Defendant deliberately and knowingly adopted, used and continues to use the Infringing Mark in bad faith with the intent to trade upon the goodwill established by the AANS, to create confusion in the public mind, and to misappropriate the AANS's rights in the goodwill it has established in the JNS Mark, all causing irreparable injury to the AANS.

8

42. By reason of Defendant's unlawful activities, the AANS has been damaged. Further, unless Defendant's activities are restrained, the AANS will continue to suffer serious and irreparable injury, without a full and adequate remedy at law.

## COUNT III

### Trademark Dilution Pursuant to §43(c) of the Lanham Act (15 U.S.C. §1125(c))

43. Plaintiff adopts, restates and realleges each and every allegation previously set forth in this Complaint as if fully set forth in this paragraph 43.

44. The JNS Mark is widely recognized by the medical community and the consuming public of the United States as a designation of source of the AANS's goods and services.

45. The JNS Mark has become famous, *inter alia*, due to: (1) the AANS's use of the Mark since at least 1959; (2) the significant distribution of goods and services under the JNS Mark; and (3) the extensive advertising and marketing activities conducted under the JNS Mark.

46. Defendant's use of the Infringing Mark is likely to harm the AANS by impairing the distinctiveness of the JNS Mark.

47. Defendant's use of the Infringing Mark is likely to harm the AANS by impairing the reputation and goodwill symbolized by the JNS Mark because Defendant's use is not controlled or monitored by the AANS.

48. By reason of Defendant's unlawful activities, the AANS has been damaged. Further, unless Defendant's activities are restrained, the AANS will continue to suffer serious and irreparable injury, without a full and adequate remedy at law.

## COUNT IV

### Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510)

49. Plaintiff adopts, restates and realleges each and every allegation previously set forth in this Complaint as if fully set forth in this paragraph 49.

50. Section 510/2 of the Illinois Uniform Deceptive Trade Practices Act (the "UDTPA") provides, in relevant part, that:

> A person engages in deceptive trade practices when, in the course of his business, location, or occupation, he:
>
> (1) passes off goods or services as those of another;
>
> (2) causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services;
>
> (3) causes likelihood of confusion or of misunderstanding as to the affiliation, connection or association with or certification by another;
>
> . . .
>
> (12) engages in any other conduct which similarly creates a likelihood of confusion or of misunderstanding.

815 ILCS 510/2.

51. Defendant's use of the expression JOURNAL OF NEUROSURGERY constitutes infringement when used in connection with a publication in the field of neurosurgery and related services offered by Defendant without the AANS's consent. Defendant's use is an attempt to pass off its publication and/or goods and services as those of the AANS and causes a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of Defendant's goods or services, all in violation of Section 2 of the UDTPA.

52. Defendant has willfully engaged in deceptive trade practices prohibited by Section 2 of the UDTPA through its use and continued use of the expression JOURNAL OF

10

NEUROSURGERY with the intent to (a) trade upon the goodwill established by the AANS under the JNS Mark, (b) create confusion in the public mind, and (c) misappropriate the AANS's rights in the goodwill it has established, all to the irreparable injury of the AANS.

53. By reason of Defendant's unlawful activities, the AANS has been damaged. Further, unless Defendant's activities are restrained, the AANS will continue to suffer serious and irreparable injury, without a full and adequate remedy at law.

## COUNT V

### Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505)

54. The AANS adopts, restates and realleges each and every allegation previously set forth in this Complaint as if fully set forth in this paragraph 54.

55. Section 505/2 of the Illinois Consumer Fraud and Deceptive Business Practices Act (the "CFDBPA") provides:

> Unfair deceptive acts or practices, including but not limited to . . . the use or employment or any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, and the conduct of any trade or commerce are hereby declared unlawful whether in fact any person has been misled, deceived or damaged thereby.

815 ILCS 505/2.

56. Defendant's violation of the UDTPA, through its use and employment of deceptive trade practices, constitutes a violation of Section 2 of the CFDBPA.

57. By reason of Defendant's unlawful activities, the AANS has been damaged. Further, unless Defendant's activities are restrained, the AANS will continue to suffer serious and irreparable injury, without a full and adequate remedy at law.

## COUNT VI

### Common Law Unfair Competition

58. Plaintiff adopts, restates and realleges each and every allegation previously set forth in this Complaint as if fully set forth in this paragraph 58.

59. Defendant's use of the Infringing Mark in connection with goods and services and in connection with advertisements used to solicit such goods and services that are identical to the goods and services offered by the AANS under the JNS Mark, without the AANS's consent: is an attempt to pass off Defendant's goods and services as those of the AANS; causes a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of Defendant's goods and services; causes a likelihood of confusion or of misunderstanding as to affiliation, connection or association between Defendant and the AANS; and/or creates a likelihood of confusion or misunderstanding among consumers, generally as between the goods and services of Defendant and those of the AANS, and constitutes unfair competition under the laws of the State of Illinois.

60. Defendant has intentionally and willfully engaged in unfair competition in that Defendant adopted, used and continues to use the Infringing Mark with the intent to trade upon the goodwill established by the AANS under the JNS Mark, to create confusion in the public mind, and to misappropriate the AANS's rights and the goodwill it has established, all to the irreparable injury of the AANS.

61. The acts of Defendant complained of herein constitute inequitable pirating of the fruits of the AANS's labor and are acts of unfair competition in violation of Illinois common law. Defendant's acts of unfair competition were done and continue to be done knowingly, intentionally and willfully.

62. Defendant will continue to engage in unfair competition with the AANS unless enjoined by this Court.

63. The AANS has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, the American Association of Neurological Surgeons, prays that this Court:

(a) Temporarily, preliminarily and permanently enjoin, pursuant to 15 U.S.C. § 1116, Defendant, its representatives, officers, directors, agents, servants, employees and attorneys, and any and all persons in active concert with them, from using, in any fashion, the Infringing Mark, the JNS Mark or any variations thereof or any trade name, trademark or service mark confusingly or deceptively similar to the mark in connection with the promotion, advertising, solicitation, operation, conduct and expansion of Defendant's business in particular, in connection with Defendant's publications in the state of Illinois and nationally, or otherwise competing unfairly with the AANS;

(b) Order Defendant, its representatives, officers, directors, agents, servants, employees and attorneys, and any and all persons in active concert with them, to remove any and all uses of the expression JOURNAL OF NEUROSURGERY from its website and from its current publications;

(c) Order, pursuant to 15 U.S.C. § 1118, Defendant, its representatives, officers, directors, agents, servants, employees and attorneys, and any and all persons in active concert with them, to deliver to the AANS for destruction all physical publications, advertisements, brochures, promotional materials, signs, stationery, business cards, other written material or videotapes, clothing, personal accessories, or any other product or thing which

13

depicts or otherwise discloses the Infringing Mark, or any name or mark confusingly similar thereto;

(d) Order Defendant, its representatives, officers, directors, agents, servants, employees and attorneys, and any and all persons in active concert with them, to fully compensate the AANS for the preparation and distribution of any necessary corrective advertising;

(e) Order an accounting of all of Defendant's profits derived from infringements, and award to the AANS exemplary damages, attorneys' fees and costs therefor;

(f) Order monetary relief in the amount of any and all profits derived by Defendant from the sale of its services and for all damages sustained by Plaintiff by reason of said acts of infringement and unfair competition complained of herein;

(g) Order monetary relief trebling the amount of actual damages suffered by Plaintiff;

(h) Order monetary relief in the amount of Plaintiff's reasonable attorneys' fees and costs of suit; and

(i) Award the AANS such other and further relief as this Court deems just and proper under the circumstances.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all triable issues.

Dated: October 15, 2015

Respectfully submitted,

THE AMERICAN ASSOCIATION OF NEUROLOGICAL SURGEONS

By: <u>/John E. Munro/</u>
    One of Its Attorneys

Michael A. Chabraja, Esq.
Robert S. Rigg, Esq.
John E. Munro, Esq.
Vedder Price P.C.
222 N. LaSalle St., Suite 2400
Chicago, Illinois 60601
(312) 609-7500